IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                    Plaintiff,

  v.

SGT. JOSEPH KORMANIK,
SGT. RICHARD WESTPHAL,
OFFICER SCOTT RHODE,
OFFICER LACY MAYAVSKI,
and MIKE DISHNO,

                    Defendants.

OPINION and ORDER

22-cv-509-jdp

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman is a prisoner at Waupun Correctional Institution. I granted Helmueller leave to proceed on Fourteenth Amendment excessive force and sexual assault or humiliation claims against defendants for assaulting him while he was at the St. Croix County Jail. Before the court are two matters.

**A. Medical authorization**

Helmueller has filed what he calls a motion to determine the sufficiency of forms defendants have sent him asking him to authorize the release of various records from medical providers and the Wisconsin Department of Corrections. Dkt. 28. Helmueller argues that the forms are too broad.

Similar to how I've treated the same type of motion in Helmueller's other cases against county officials, I will grant Helmueller's motion and set out some of the problems that I see with the forms, although the parties have not provided enough information for me to issue a formal ruling on the matter. This court routinely tells the litigants that it won't issue an order forcing a plaintiff to sign authorizations regarding medical records because the court won't

force a plaintiff to turn over medical information. If Helmueller would rather maintain the privacy of his medical information, he is free do so. But it would be unfair to defendants to defend against Helmueller's claims without this information. Helmueller's ultimate choice is either to share the relevant information with defendants or have the case dismissed.

But the key word here is *relevant*. The information that defendants seek appears far too broad to reasonably be called relevant to Helmueller's excessive force and strip-search claims. The forms have no designated time frame and ask for Helmueller's entire DOC medical file, including psychological and psychiatric records, alcohol and drug treatment records, and HIV or AIDS test results. Defendants also seek non-medical records including Helmueller's prison social service file and juvenile records included in his adult file. Much of this information would seem to have no relevance to Helmueller's claims. Defendants also include blank medical authorization forms without a provider or relevant dates listed; there's no way to tell whether the information defendants would seek using these forms would be relevant to Helmueller's claims.

If defendants disagree with my assessment of their requests, they should promptly file a motion explaining with specificity why particular documents they seek are necessary to litigate this case. Otherwise, they should discuss with Helmueller the scope of documents that they need and edit the authorizations to limit their requests to relevant information and to a reasonable timeframe before and after the incident at issue.

B. Motion to amend the schedule

In its preliminary pretrial order, the court did not set a deadline for defendants to file an exhaustion-based summary judgment motion. Dkt. 31. Defendants now ask the court for such a deadline. Dkt. 33. I will grant their motion and set a deadline of March 15, 2024.

ORDER

IT IS ORDERED that:

1. Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman's motion for clarification regarding requests for authorization of records, Dkt. 28, is GRANTED.

2. Defendants' motion to amend the schedule, Dkt. 33, is GRANTED; the schedule is amended as noted in the opinion above.

Entered January 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge